IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SCOTT TINGLEY,<br><br>                     Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>                     Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE FOR FURTHER CONSIDERATION<br><br>Case No. 1:12-cv-104 BCW<br><br>Magistrate Judge Brooke Wells |

This matter is before the Court on Plaintiff Scott Tingley's appeal from the final decision of the Commissioner of Social Security finding him not disabled, as set forth in the Administrative Law Judge's June 21, 2011 decision. The ALJ's decision was made final by the Appeals Council's decision denying Mr. Tingley further review. After careful consideration of the record, relevant law, and the parties' memoranda, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.[1] For the reasons set forth below, the Court reverses the decision of the ALJ[2] and remands this matter for further consideration.

## BACKGROUND[3]

On July 19, 2009, Plaintiff protectively filed a Title II application for disability insurance benefits under Title II of the Social Security Act (Act),[4] and for supplemental security income (SSI) pursuant to Title XVI of the Act. Mr. Tingley alleged disability since September 14, 1995

---

[1] *See* Scheduling Order, docket no. 13 (noting that [o]ral argument will not be heard unless requested at the time of [the] filing first briefs by either party and upon good cause shown").

[2] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

[3] The parties fully set forth the medical history in their respective memoranda. The Court finds it unnecessary to repeat that record in detail here. Instead, the Court notes those items that are pertinent to its decision.

[4] 42 U.S.C. § 405(g).

due to herniated discs, sciatica, degenerative disc disease, depression, and knee pain.[5] Mr. Tingley's claims were denied at both the initial and reconsideration levels. An ALJ held a hearing on Mr. Tingley's claims in May 2011. At the hearing, Mr. Tingley amended his alleged onset date to July 12, 2009.

Plaintiff was age 36 at the time of his May hearing and had a high school education. Mr. Tingley has performed numerous jobs including baker, manual laborer, telemarketer, chef, cashier, restaurant server, and retail salesperson.[6] Plaintiff has an extensive treatment history for back pain[7] and a history of substance abuse.[8]

The ALJ followed the five-step sequential process for evaluating disability claims as set forth in the regulations.[9] At steps two and three, the ALJ found Plaintiff has the severe impairments of disorders of the back, depression, and anxiety, but none of these impairments met or satisfied a listed impairment as set forth in the regulations.[10] The ALJ then concluded that Plaintiff had the residual functional capacity (RFC) to perform the full range of light work with the additional limitations of simple, repetitive tasks.[11] At step four, the ALJ determined that Plaintiff could perform his past relevant work as a sales food clerk, cashier-checker, file clerk II, cook helper, telephone solicitor, and hand packager.[12] In the alternative, the ALJ found that at step five Plaintiff could perform other jobs that exist in significant numbers in the national economy. Thus, the ALJ concluded Plaintiff was not disabled.

Mr. Tingley requested the Appeals Council review the ALJ's decision and submitted additional evidence to the Appeals Council. This evidence included an August 2011 form from

---

[5] Tr. 11, 118, 126, 130. (Tr. refers to the Transcript of the record).
[6] Tr. 143.
[7] *See generally* Tr. 258-533.
[8] Tr. 350, 464, 490.
[9] 20 C.F.R. § 404.1520. Tr. 19-20
[10] 20 C.F. R., part 404, subpart P. Tr. 21-23
[11] Tr. 23.
[12] Tr. 27

Teresa Ramos, APRN, a treating source in the record who helped treat Plaintiff's mental impairments.[13] On the form Ms. Ramos indicated that Mr. Tingley had extreme limitations in the abilities to understand and remember both short and simple and detailed instructions, to carry out these instructions, and to maintain attention and concentration for extended periods.[14] The report also noted extreme limitations in maintaining social functions. Overall, Ms. Ramos opined that Mr. Tingley had extreme limitations in 18 of the 20 listed mental abilities and aptitudes needed to perform work and had marked limitations in the remaining two.[15]

In addition, Plaintiff also submitted the results of a November 2011 MRI of his lower spine.[16] There was no nerve root compression shown during the MRI, but there was indication of a herniated disc, mild to moderate canal stenosis, and some narrowing.[17]

The Appeals Council noted that it considered this additional evidence but did not find any basis to change the ALJ's decision.[18]

## DISCUSSION

Mr. Tingley raises a number of arguments including: 1) the ALJ erred in finding that his impairments did not equal a listing; 2) the ALJ failed to properly account for Mr. Tingley's pain in making the RFC assessment; 3) the ALJ's determination that Mr. Tingley was capable of light work with a few limitations was error; 4) the ALJ erred in not considering Mr. Tingely's failed work attempts in determining his RFC; and 5) Mr. Tingley takes issue with the Appeals Counsel's consideration of the additional evidence.[19] The Court finds the last two arguments persuasive.

---

[13] Tr. 530-31.
[14] *Id.*
[15] *Id.*
[16] Tr. 542.
[17] Tr. 543.
[18] Tr. 1-3.
[19] Reply p. 4-5, 7-8, docket no. 22.

The record indicates that Mr. Tingley has held numerous jobs including baker, manual laborer, telemarketer, chef, cashier, restaurant server, and retail salesperson.[20] In fact, it appears that he worked for more than 40 employers from 1995 to 2008.[21] During the hearing Mr. Tingley testified that he was released from many of these jobs because of his back and physical problems.[22] While there is sufficient evidence in the record that certainly calls into question Mr. Tingley's credibility,[23] the fact that he was unable to hold a job for a long period of time is a factor that may support a claim for disability.[24] An RFC assessment must be based on all relevant evidence, including evidence from failed attempts to work.[25] The failure of the ALJ in this case to consider Mr. Tingley's work attempts undermines the RFC determination and calls into question the ALJ's decision. On remand the ALJ is directed to consider those work attempts that fall within the relevant time period of Plaintiff's alleged disability.

Next, in a recent case from the Tenth Circuit, *Padilla v. Colvin*,[26] the court held that the Appeals Council failed to properly consider the additional evidence that was submitted by the claimant. During the appellate process, the Appeals Council noted that it had considered the additional evidence offered by the claimant. The *Padilla* court noted that the Appeals Council "need not discuss the reasons why new evidence failed to provide a basis for changing the ALJ's decision."[27] But, the additional evidence must be considered if it is new, material, and related to

---

[20] Tr. 143.
[21] Tr. 196-220.
[22] Tr. 67.
[23] Tr. 26 (noting Mr. Tingley's drug seeking behavior and attempts to manipulate health care professionals).
[24] *Kilinshi ex rel. Kilinski v. Astrue*, 2011 WL 2938095 *5 (10th Cir. July 22, 2011) (noting the ALJ's error in failing to discuss the claimant's work attempts); *Lingenfelter v. Astrue*, 504 F.2d 1028, 1038 (9th Cir. 2007) (noting the importance of properly considering work attempts under the regulations); *Rosario v. Sullivan*, 875 F.Supp. 142 146 (E.D.N.Y. 1995) (holding that substantial evidence did not support the ALJ's decision that claimant was not disabled, in part because claimant's unsuccessful work attempt weighed in favor of a disability finding).
[25] SSR 96-8P, 1996 WL 374184 *5.
[26] 2013 WL 1908910 (10th Cir. May 9, 2013) (slip copy).
[27] *Id.* at *2; *Hackett v. Barnhart*, 395 F.3d 1168, 1172-73 (10th Cir. 2005).

the period before the date of the ALJ's decision.[28] After considering the record, the Tenth Circuit found that the additional evidence met these standards and that it was not adequately considered despite the language in the Appeals Council's decision saying it had considered the evidence.

The Court finds the additional evidence offered by Mr. Tingley is not duplicative of other evidence in the record, is chronologically pertinent, and is material in that it may have led to a different RFC determination, which creates a reasonable possibility that the ALJ would have changed his analysis at step four.[29] As such, the Court finds the Appeals Council should have considered the additional evidence in the context of the ALJ's decision and whether there was substantial evidence to support his step four determination. It is unclear from the record that such a consideration was made.

## CONCLUSION

Based on the foregoing, the decision of the Commissioner is reversed and this matter is remanded for further consideration.

DATED this 18 June 2013.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[28] 20 C.F.R. § 416.1470(b).
[29] *See e.g., Proctor v. Astrue*, 665 F.Supp.2d 1243, 1251 (10th Cir. 2009) (finding the ALJ erred where new evidence called into question the disposition of the case).

5