IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SCOTT TINGLEY,<br><br>                           Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>                           Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EAJA<br><br>Case No. 1:12-cv-104 BCW<br><br>Magistrate Judge Brooke Wells |

This matter is before the Court on Plaintiff Scott Tingley's Motion for Attorney Fees[1] pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. §2412(d).[2]  Plaintiff requests $6,444.50 "for time spent in court" and additional time filing this motion and for costs allowed under the EAJA and 28 U.S.C. §2420(d).[3]  The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[4]  The Commissioner argues the position of the Government was substantially justified and therefore, an award of fees under the EAJA is not appropriate in this case.

BACKGROUND

This case arises from an appeal from a decision of the Commissioner of Social Security denying Plaintiff's claims for disability benefits under the Social Security Act.  On appeal the Government argued that "(1) the controlling case law and regulations did not require the ALJ to consider Plaintiff's work attempts, all of which occurred prior to his alleged onset of disability date;

---

[1] Docket no. 25.
[2] See 28 U.S.C. § 2412(d).
[3] Mtn. p. 1, docket no. 25.
[4] 28 U.S.C. § 2412 (d).

and (2) the Appeals Council considered the additional medical source opinion and reasonably concluded, based on the relevant law and facts of the case, that it did not provide a basis for changing the ALJ's decision."[5] The Court rejected these arguments and issued a decision remanding this case for further proceedings.[6] In reversing and remanding this case, the Court found the ALJ erred because the ALJ failed to sufficiently account for Plaintiff's failed work attempts in determining Mr. Tingley's residual functional capacity. The Court also found additional error because it was unclear from the record under the principles in *Padilla v. Colvin*[7] that the Appeals Council adequately considered the additional evidence offered by Mr. Tingley after the ALJ's decision.

Based upon the Court's decision, Plaintiff became the prevailing party for purposes of the EAJA. Plaintiff now moves the court for an award of attorney fees under the EAJA in the amount of $6,444.50. The Government does not contest the amount, or the fact that Plaintiff was the prevailing party. But, the Government asserts that its position was substantially justified and therefore an award of attorney fees is improper.

## STANDARD

The Commissioner has the burden to show that his position was substantially justified.[8] "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation."[9] "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue."[10] "For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the

---

[5] Op. p. 2, docket no. 26.
[6] *See* Memorandum Decision and Order dated June 18, 2013, docket no. 23.
[7] 2013 WL 1908910 (10th Cir. May 9, 2013) (slip copy).
[8] *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).
[9] *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).
[10] *Id.*

private litigant, the less 'justified' it is for the government to pursue or persist in litigation."[11] "Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified."[12]

"The test for substantial justification in this circuit is one of reasonableness in law and fact."[13] Accordingly, the government's position must be "justified to a degree that could satisfy a reasonable person."[14] "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact."[15] Of note, is the distinction between the substantial evidence standard under the Social Security Act, and the substantial justification requirement under the EAJA.[16] As articulated by this Circuit and other circuits which have directly addressed this issue, "equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits."[17] Moreover, to hold these two standards synonymous appears improper under the history behind the statute,[18] and at odds with the Supreme Court's decision in *Pierce v. Underwood*.[19] Thus, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."[20]

---

[11] *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C.Cir. 1983).
[12] *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).
[13] *Gilbert*, 45 F.3d at 1394.
[14] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)
[15] *Id.* 487 U.S. at 552 n.2.
[16] *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).
[17] *Id.*
[18] *See Taylor v. Heckler*, 835 F.2d 1037, 1044 (3d Cir. 1987) (examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").
[19] 487 U.S. 552.
[20] *Hadden*, 851 F.2d at 1269.

DISCUSSION

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust.[21] The Government argues Plaintiff's motion for fees should be denied for two reasons. First, the Commissioner asserts that the language of Social Security Ruling (SSR) 96-8p requiring an ALJ to consider evidence from attempts to work to mean unsuccessful or failed work attempts.[22] Second, the Commissioner argues the Appeals Council's language in rejecting the additional evidence from Teresa Ramos, APRN was sufficient. The Appeals Council stated that it had "also considered a form from Teresa Ramos, dated July 15, 201[sic], and records from McKay Dee Hospital, dated February 7, 2011 to January 1, 2012. We found that this information does not provide a basis for changing the Administrative Law Judge's decision."[23] The Court found these two sentences were insufficient to indicate that the Appeals Council had adequately considered the new evidence.

In opposition, Plaintiff argues the work attempts defined under SSR 96-8P are not the same as unsuccessful work attempts cited to by the Commissioner under 20 C.F.R. § 404.1574(c). In fact, according to Plaintiff, SSR 96-8p cites to other statutory authority than that cited to by the Commissioner in arguing that the ALJ must consider unsuccessful work attempts. Next, Plaintiff takes issue with the standard of duty the Appeals Council had in considering the additional evidence. Plaintiff argues that silence by the Appeals Council concerning how it considered the evidence should not be construed that the evidence was adequately considered.

The Court finds the resolution of this matter to lie somewhere in between the position of the two parties. First, as noted by the Court in its decision, on remand the ALJ was directed to

---

[21] *See* 28 U.S.C. § 2412(d)(1)(A).
[22] Op. p. 2-3, docket no. 26.
[23] Reply p.1 fn.2, docket no. 27.

4

"consider those work attempts that fall within the relevant time period of Plaintiff's alleged disability."[24] The regulations support consideration of work "done during any period in which you believe you are disabled" because it may show that a claimant is able to work at the "substantial gainful activity level."[25] And, as shown by the parties' arguments, there is not exact clarity as to whether work attempts are unsuccessful work attempts, work attempts, or some combination of both. Thus, the lack of clarity in the regulations creates a "special circumstance" whereby a full award of EAJA fees is not warranted. Further, it is in the interest of Social Security disability cases to gain further clarification to the applicable regulations. This is done via the adversarial process, so the Court finds an award of some fees which help encourage further clarity in the regulations is warranted. Therefore, the Court finds the circumstances of this case support an award of half the fees sought by Plaintiff.

Next, whether or not the Appeals Counsel adequately considered the additional evidence is a close call in this case. The general practice is to "take a lower tribunal at its word when it declares that it has considered a matter."[26] Here, however, the Court felt that under the reasoning found in *Padilla*,[27] the Appeals Council's two sentences regarding consideration of the evidence was not enough to fall within the general practice. Thus, the Court finds the Government's argument asserting that the Appeals Council should be taken at its word that it did review the evidence is "justified to a degree that could satisfy a reasonable person."[28] Therefore an award of EAJA fees is not supported by the Court's second finding of error in this case.

---

[24] Memorandum Decision and Order dated June 18, 2013 p. 4, docket no. 23.
[25] 20 C.F.R. § 404.1571.
[26] *Hackett v. Barnhart*, 395 f.3d 1168, 1173 (10th Cir. 2005).
[27] 2013 WL 1908910 *2.
[28] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)

**ORDER**

Based on the foregoing, the Court finds that a partial award of EAJA fees is appropriate given the circumstances of this case. Accordingly, Plaintiff's Motion for Attorney Fees is GRANTED IN PART.[29] The Court awards Plaintiff $3,222.25 in EAJA fees.[30]

DATED this 7 October 2013.

Brooke C. Wells
United States Magistrate Judge

---

[29] Docket no. 25.

[30] Pursuant to *Astrue v. Ratliff,* 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).